LAWRENSON v. CHAS. KURZ & CO., Inc.

No. 8902.

United States District Court
E. D. Pennsylvania.

May 11, 1950.

Howard Wallner, Philadelphia, Pa., Robert Klonsky, New York City, for plaintiff.

Thomas E. Byrne, Jr., of Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

GRIM, District Judge.

In this action plaintiff, a seaman, is attempting to recover for injuries sustained by him while he was working for defendant on defendant's vessel.

Running lengthwise and side by side on defendant's vessel on the main deck were three large pipes, the tops of which were approximately 17 inches above the deck. Plaintiff testified that he stepped across the pipes in order to cross the deck. As he stepped down from the third pipe, the foot which was about to touch the deck slipped on the deck causing him to fall in such a way that his head was injured by striking a catwalk above him and his back was injured. He testified that a substance had been placed upon the deck shortly before the accident for the purpose of removing rust therefrom, the deck being made of steel. He testified that before the accident his trousers were clean, but that after it there was grease on the back of his trousers. For the defendant, an officer of the ship testified that he examined the deck immediately after the accident and that there was no foreign substance on it. He also testified that plaintiff could have avoided stepping across the pipes by walking toward the end of the vessel and around the pipes. He also testified that a winch which plaintiff had used had grease on it at a place where it could have come into contact with the back of plaintiff's trousers.

The jury returned a verdict in favor of the defendant. Plaintiff has filed a motion for a new trial stating:

"1. The Court erred in refusing to charge the jury on unseaworthiness of the vessel, and the duties and responsibilities of a ship operator to provide a seaman with a reasonably safe place within which to work.

"2. The verdict was against the evidence.

"3. The verdict was against the weight of the evidence.

"4. The verdict was against the law."

Clearly the verdict was not against the evidence, the weight of the evidence, or the law.

Plaintiff's counsel argues that the charge to the jury should have included a discussion of the law on seaworthiness and on assumption of risk. This was not necessary, however, since the problem was adequately covered in the portion of the charge on negligence and contributory negligence. In reference to this problem, the Supreme Court has said: Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, at pages 431-432, 59 S.Ct. 262, at page 266, 83 L.Ed. 265:

"Any rule of assumption of risk in admiralty, whatever its scope, must be applied in conjunction with the established admiralty doctrine of comparative negligence and in harmony with it. Under that doctrine contributory negligence, however gross, is not a bar to recovery but only mitigates damages. There being no defense of assumption of risk where the seaman is without opportunity to use a safe appliance, it seems plain that his choice of a defective instead of a safe one, resulting in injury, does not differ * * * in any practical way from his correspondingly negligent use of a safe or an unsafe appliance, where its use has contributed to an injury resulting from a breach of duty by the owner. * * In either case the seaman's negligence is a contributing cause of his injury, without which the ship owner would be liable to the full extent of the damage.

"* * * We think that the consistent development of the maritime law in conformity to its traditional policy of affording adequate protection to seamen through an exaction of a high degree of responsibility of owners for the seaworthiness of vessels and the safety of their appliances will be best served by applying the rule of comparative negligence, rather than that of assumption of risk, to the seaman who makes use of a defective appliance knowing that a safe one is available."

In the present case the "defective appliance" was the alleged slippery deck and the "safe one" was the passage around the pipes which made it possible for plaintiff to cross the ship to the other side of the deck without stepping across the pipes.

Plaintiff also argues that a new trial should be granted so that the vessel's log books could be obtained and offered in evidence to throw additional light on the facts of the accident. However, it does not appear that the logs would add anything substantial to the evidence already in the case.

The motion for a new trial is denied.